IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) NAUDIA HARJO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:21-cv-321-GKF-SH |
| v. | ) | |
| | ) | |
| (1) ZEBCO SALES COMPANY, LLC, and | ) | |
| (2) AMERICAN STAFFCORP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, NAUDIA HARJO, files this action against Defendants and by way of complaint against Defendants alleges the following:

**I. Nature of Action**

1.1   This jury action seeks redress for Defendants' violations of the laws of the United States in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*, prohibiting race, color and sex discrimination, racial harassment and retaliation in employment based upon race, color and sex and under 42 U.S.C. § 1981 ("Section 1981") prohibiting race and color discrimination and racial harassment and retaliation in employment based upon race and color.  As redress for Defendants' violations of these statutes and OADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the

1

alternative, front pay, punitive or liquidated damages, damages for emotional distress and attorney fees and costs which will be established at the trial of this cause.

## II. Jurisdiction and Venue

2.1 This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 2201.

2.2 Venue is proper in this Court pursuant to 28 U.S.C. § 1392 and 42 U.S.C. §2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because the Defendants reside within the judicial district of this Court.

2.3 This Court has pendent jurisdiction over the claims arising under the laws of the State of Oklahoma since all of Plaintiff's claims arise from a common nucleus of operative facts and are so intertwined as to make the Court's exercise of pendent jurisdiction reasonable.

2.4 All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied. On February 19, 2021 Plaintiff filed a Charge of discrimination and retaliation with the EEOC against each Defendant. On June 14, 2021, the EEOC issued a Notices of Right to Sue as to each charge and this lawsuit was instituted within the 90-day period.

## III. Parties

3.1 Plaintiff is a female citizen of the United States and a resident of Tulsa County, Oklahoma.

3.2     Defendant Zebco Sales Company, LLC is a foreign limited liability company registered to do business in the State of Oklahoma.  Process may be served upon its registered agent:  The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK. 73128.

3.3     Defendant American StaffCorp is a domestic for profit business corporation. Process may be served upon its registered agent:  David Lamb, 10922 South Knoxville, Tulsa, OK. 74137.

3.4     Based upon information and belief, Defendant American StaffCorp is a staffing agency.  Defendant American StaffCorp sent Plaintiff to work at the facility owned and operated by Defendant Zebco Sales Company.   During Plaintiff's employment at the facility owned and operated by Defendant Zebco Sales Company, Defendant American StaffCorp issued to Plaintiff her paycheck.   Plaintiff took direction and control from Defendant Zebco Sales Company.  Plaintiff reported discrimination and harassment to both Defendants.   Defendant Zebco Sales Company suspended Plaintiff's employment and  Defendant American StaffCorp notified Plaintiff of her termination.  Based upon information and belief the decision to terminate Plaintiff's employment was made by Defendants, collectively, and Defendants are an integrated enterprise or "joint" employers or the "single" employers of Plaintiff.

### IV.  Background Facts

4.1     Plaintiff is female and African-American.

4.2     On or about September 14, 2020 Plaintiff was employed by Defendants to assist in shipping and receiving at the warehouse of Defendant Zebco Sales Company.

Plaintiff had been sent to Defendant Zebco Sales Company by Defendant American StaffCorp.

4.3     Throughout her employment, Plaintiff always met or exceeded her performance expectations.

4.4     Plaintiff was supervised by David (last name unknown) and Joe (last name unknown).  Ron (last name unknown) is representative of Defendant American StaffCorp.

4.5     Beginning the second week of employment and to her discharge on October 21, 2020, Plaintiff was subjected to insults and slurs based upon her against her race, color and/or gender from two male employees in the same department.

**Internal Complaint**s

4.6     A male co-worker (name unknown) called her a "bitch" and threatened to "beat your ass".  Plaintiff reported his comments to Joe (last name unknown), Supervisor.  Ron later told Plaintiff that the male co-worker was terminated.

4.7     Another male co-worker, Nick Noble, Caucasian, frequently referred to Plaintiff as the "black bitch" or "dark" or while Plaintiff was talking he would say "black power".

4.8     Plaintiff reported the derogatory comments and slurs to Supervisor Joe (last name unknown) and Ron (last name unknown).  Her other supervisor, David, was out on vacation.

4.9     The harassment from Noble continued.

4.10   Plaintiff continued to report the racial harassment from Noble to Supervisor Joe and Ron, staffing contact while Supervisor David was still on vacation.

4.11   Supervisor David returned from vacation.

**Suspension and Termination**

4.12   On or about October 21, 2020, after Noble referred to Plaintiff as "black bitch", Plaintiff reported the slur to both of her Supervisors Joe and David.  A meeting was set with Supervisor David and Joe.  Here, David told Plaintiff that she "complained too much" and that it was female gender and her female hormones causing her to be overly upset.  David told her if she kept complaining that she would no longer have a job.  David then suspended Plaintiff for the remainder of her shift.

4.13   While Plaintiff was exiting the building, Plaintiff was notified of her termination of employment by Ron, Defendant American StaffCorp, based upon David's instructions.

4.14   In the same meeting later that morning with David and Ron, David had told Plaintiff that she was a good worker.

4.15   Based upon information and belief, Defendants did not investigate or institute remedial measures toward the discriminatory conduct directed toward Plaintiff by Noble.

**COUNT I:  Race/Color Discrimination in Termination**
*(Title VII and Section 1981 and OADA)*

5.1   Plaintiff incorporates and realleges, in full, paragraphs 4.1 through 4.15 of the Original Complaint.

5.2     At all times material to this cause of action, Defendants have continuously been and are an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed and does employ fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3     Plaintiff was an "employee" of Defendants and Defendants were Plaintiff's "employer", within the meaning of 42 U.S.C. § 2000e(f), throughout her employment.

5.4     Plaintiff's race and color were a motivating factor in Defendants' decision to terminate the employment of Plaintiff.  Defendants otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her race and color in her termination of employment.  By engaging in such conduct, Defendants violated 42 U.S.C. § 1981 and Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice to terminate the employment of an individual because of race or color.

5.5     Defendants engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

5.6     As a direct and proximate result of the unlawful discharge of her employment under this Count, Plaintiff has been damaged by the loss of compensation and other pecuniary benefits she would have received as an employee at Defendants had Defendants retained Plaintiff in accordance with 42 U.S.C. § 1981 and Title VII and OADA.

5.7     As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

5.8     As a direct and proximate result of Defendants' conduct alleged under this Count, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

**COUNT II:  Retaliation in Termination of Employment**
*(Title VII and Section 1981)*

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.8 of this Original Complaint.

6.2     By Plaintiff holding the good faith belief that she was opposing discrimination and complaining of such conduct within management, Plaintiff was opposing or complaining of discrimination made unlawful by Title VII and 42 U.S.C. § 1981.  Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and 42 U.S.C. § 1981.

6.3     Plaintiff's complaining of and opposition to discrimination was a motivating factor in her discharge.  Defendants willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and complaint of discrimination in her termination of employment.

6.4     By engaging in the aforementioned conduct, Defendants violated, and continue to violate Section 703(a)(1) & 704 (a) of Title VII and 42 U.S.C. § 1981, which makes it an unlawful employment practice for an employer to discriminate against any

person because she has opposed or complained of any practice made an unlawful employment practice by Title VII and 42 U.S.C. § 1981.

6.5 Defendants engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

6.6 As a direct and proximate result of the violations of Title VII and Section 1981 alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had Defendants not terminated Plaintiff in violation of Title VII and 42 U.S.C. § 1981.

6.7 As a direct and proximate result of the violations of Title VII and Section 1981 alleged under this Count, Plaintiff has also suffered mental and emotional distress.

6.8 As a direct and proximate result of the violations of Title VII and 42 U.S.C. § 1981 alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

### COUNT III: Racial Harassment
*(Title VII and Section 1981)*

7.1 Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.8 of the Original Complaint.

7.2 Defendants willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her race and color by maintaining a hostile and abusive work environment in which she was subject to unwelcome racial harassment, which was so severe, pervasive and humiliating that the terms, conditions and privileges of her

employment palpably deteriorated. Defendants otherwise knew or should have known of such racial harassment and yet failed to take prompt remedial and corrective action. By such conduct and omissions, Defendants violated 42 U.S.C. § 1981 and Section 703(a)(1) of Title VII, which make it an unlawful employment practice for an employer to discriminate against any person because of race or color.

      7.3      Defendants engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

      7.4      As a direct and proximate result of the unlawful racial harassment alleged under this Count, and particularly the hostile and abusive work environment which she was required to endure, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

      7.5      As a direct and proximate cause of the unlawful racial harassment alleged under this Count, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

### Count IV:  Sex Discrimination/Hostile Work Environment
*(Title VII)*

      8.1      Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 7.5 of this Original Complaint.

      8.2      Defendants willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex, continuously throughout her entire employment, by continuously subjecting Plaintiff to (a) unwelcome remarks of a demeaning nature and

stereotypical comments, disrespectful, demeaning, intimidating and offensive behavior, obscene profanity and (2) threats of physical harm.

8.3    Such conduct was so extreme and pervasive that it unreasonably interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment at Defendants. By engaging in such conduct, Defendants violated Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her sex.

8.4    As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

8.5    Defendants engaged in the conduct alleged under this Count with malice and reckless to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. § 1981a.

8.6    As a direct and proximate result of the violations of Title VII and OADA as alleged under this Count, Plaintiff has been damaged by the loss of her employment with Defendants and the loss of compensation, including commissions, bonuses and employee benefits, and promotions she would have received as an employee of Defendants had she not been discriminated against on the basis of her sex and in her discharge in violation of Title VII and OADA.

8.7     As a direct and proximate cause of the violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of the cause.

### Count V: Sex Discrimination in Termination
### *(Title VII and OADA)*

9.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 8.7 of this Original Complaint.

9.2     Plaintiff's sex was a motivating factor in her termination of employment. Defendants otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex in her discharge.  By engaging in such conduct, Defendants violated, and continue to violate Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discharge any individual because of her sex.

9.3     Defendants engaged in the conduct alleged under this Count with malice and reckless to the federally protected rights of Plaintiff, within the meaning of 42 U.S.C. § 1981a.

9.4     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment with Defendants and the loss of compensation, including commissions, bonuses and employee benefits, and promotions she would have received as an employee of Defendants had she not been discriminated against because of sex and not been discharged in violation of Title VII and OADA.

9.5 As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

9.6 As a direct and proximate cause of Defendants' violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## V. Prayer for Relief

Plaintiff prays for and demands the following relief:

WHEREFORE, PLAINTIFF prays that this Court:

1. A judgment that Defendants has engaged in all of the conduct alleged in this Original Complaint, and that Defendants have, by engaging in such conduct, violated Title VII, § 1981 and OADA.

2. An injunction permanently enjoining Defendants from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3. A judgment against Defendants awarding Plaintiff an amount equal to the lost wages and employment benefits had she not been terminated by Defendants in violation of Title VII, § 1981 and the OADA.

4. An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, she would have enjoyed had she not been terminated by Defendants in violation of Title VII, § 1981 and OADA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendants.

5. A judgment against Defendants awarding Plaintiff compensatory damages as redress for Defendants' unlawful conduct under Title VII, § 1981 and OADA.

6. A judgment against Defendants awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

7. A judgment for exemplary damages to punish and make example of Defendants unlawful conduct.

8. A judgment against Defendants awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
2548 NW 23rd Street, Suite 100
Oklahoma City, OK  73107
Telephone:   (405) 948-8444
Telecopy:    (405) 948-8404

ATTORNEYS FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all her claims.

<u>S/Jeff Taylor</u>
Jeff A. Taylor